UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CROSBY DREDGING, LLC | CIVIL ACTION NO. |
| VS. | SECTION   MAG. |
| ERNEST J. PARFAIT | JUDGE |
| | MAG. JUDGE |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Crosby Dredging, LLC ("Plaintiff" or "Crosby"), and for its Complaint for Declaratory Judgment against Defendant Ernest J. Parfait ("Defendant" or "Parfait"), would show as follows:

**Parties**

1.

Plaintiff is a Louisiana limited liability company, organized and existing under the laws of the State of Louisiana and domiciled in the Parish of Lafourche, and the former Jones Act employer of Defendant Ernest J. Parfait.

2.

Made Defendant herein is Ernest J. Parfait ("Defendant" or "Parfait"), a resident and domiciliary of the County of Hancock, State of Mississippi, and the former Jones Act employee of Plaintiff.

**Jurisdiction and Venue**

3.

This action is before the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as there is an actual controversy between the parties with respect to the Defendant's

entitlement *vel non* to maintenance and cure benefits for an injury he alleges to have sustained during the course of his brief employment with Plaintiff.

4.

Subject matter jurisdiction further exists under the Court's diversity jurisdiction, 28 U.S.C. § 1332, as Plaintiff is a limited liability company whose sole member is a natural person domiciled in Louisiana, and Defendant is a domiciliary of Mississippi.  Further, to the extent it is proven that the Defendant is entitled to maintenance and cure from Plaintiff for all alleged injuries and medical conditions that he may seek to prove, all of which Plaintiff denies, the amount claimed in (disputed) maintenance and cure benefits meets or exceeds the amount of $75,000.00.

5.

Subject matter jurisdiction further exists under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, as the matter arises out of a dispute between a Jones Act seaman and his employer concerning entitlement to maintenance and cure.

6.

Venue is proper in this judicial district as the Plaintiff is domiciled within the District, the Defendant applied with and was hired by the Plaintiff within this District, the vessel(s) on which Defendant was working when his alleged injury(ies) occurred was (were) located within this District at the time of said alleged injury(ies), and this matter is closely related to another suit currently pending in this District arising or alleged to arise out of the same alleged injury giving rise to the instant Complaint, to-wit the matter entitled *Parfait v. Crosby Dredging, LLC*, No. 2:22-cv-01568-JTM-KWR (the "Parfait Action") on the docket of this Court.

## Factual and Procedural Background

7.

Plaintiff owns and operates dredging vessels.  On or about November 16, 2020, Defendant applied for work as a deckhand with Plaintiff; he was hired approximately 10 days later, on or about November 26, 2020.

8.

As part of the application process, Defendant was required to complete a questionnaire regarding his medical condition and past medical history.

9.

The questionnaire, which Defendant was required to complete in order to become an employee of Plaintiff, contained the following language at the top of the form:

> ATTENTION: YOU MUST ANSWER TRUTHFULLY REGARDING THE BELOW MEDICAL CONDITIONS.  FAILURE TO ANSWER TRUTHFULLY WILL RESULT IN IMMEDIATE TERMINATION AND FORFEITURE OF WORKERS COMPENSATION BENEFITS AND FORFEITURE OF MAINTENANCE AND CURE.

A true and correct copy of the preemployment medical questionnaire, which was previously identified by Defendant and attached as an Exhibit to his deposition taken in the Parfait Suit, is attached hereto as Exhibit "A".

10.

When he completed the questionnaire, Defendant denied, among a long list of injuries, any previous back injuries or back pain, neck injuries or neck pain, shoulder pain, knee pain, head injuries, headaches, and seizures.  Defendant also was asked to list his current medications, and he identified only a blood pressure medication.  Defendant signed the questionnaire on November 16, 2020.  He thereafter was hired as a deckhand by Plaintiff.

Page 3 of 12

PD.43342788.1

11.

Prior to applying with Crosby, on October 4, 2020, Parfait visited the Emergency Department at an Ocshner facility in Slidell. He reported "an onset of neck pain, back pain, and left leg pain secondary to mechanically falling off a scaffold PTA. The patient explains he was working on a roof standing on a scaffold when he lost his balance and fell approximately x10-15 ft onto his left side." Several CT scans were conducted while Parfait was at the Emergency Department, including a CT scan of the thoracic spine that revealed disc bulges at T8-9 and T9-10, as well as stenosis (narrowing of the spinal canal) at the T9-10 and T10-11 levels. True and correct copies of these medical records were attached as an Exhibit to Parfait's deposition taken in the Parfait Action and are attached hereto as Exhibit "B".

12.

On June 2, 2021, Parfait filed an Original Petition against Crosby in the District Court of Harris County, Texas, 270th Judicial District, Cause No. 2021-33105. In his Original Petition, Parfait alleged an incident/injury occurring on or about February 7, 2021 in which he claims to have fallen down a flight of stairs. Said alleged incident was never reported to Crosby. Parfait alleged entitlement to damages under the Jones Act and for unseaworthiness, and also asserted entitlement to maintenance and cure.

13.

In response to Parfait's Original Petition, Crosby filed a Special Appearance pursuant to Rule 120a of the Texas Rules of Civil Procedure, objecting to personal jurisdiction in Texas on the grounds, *inter alia*, that neither Parfait nor Crosby is domiciled in Texas, that Parfait worked aboard vessels in Louisiana waters exclusively during the approximately four months that he was employed by Crosby, and that accordingly Parfait could not have injured himself in Texas. A

hearing on Crosby's Special Appearance was scheduled to be held on August 31, 2021.

14.

Prior to filing a response to Crosby's Special Appearance and prior to the scheduled hearing date for Crosby's Special Appearance, Parfait filed a Notice of Non-suit under Rule 162 of the Texas Rules of Civil Procedure, dismissing without prejudice his suit against Crosby.

15.

Prior to filing the Notice of Non-suit, Parfait's counsel made a written demand on undersigned counsel for Crosby for the following: payment of maintenance dating back to February 8, 2021 at the rate of $55.00 per day; reimbursement of medical expenses paid by Parfait's counsel; and payment of future maintenance and cure expenses.

16.

Parfait's counsel also provided medical records post-dating Parfait's employment with Crosby in which it is asserted that Parfait has "increasing right sided body pain"; "neck, right shoulder, right knee, and low back pain"; "radicular pain . . . so severe he can only walk about 100 steps before he needs a break"; and a total of nine (9) herniated discs in his cervical, thoracic, and lumbar spine.

17.

As a Jones Act employer, Crosby had both the right and the duty to investigate Parfait's claim for maintenance and cure.  Once Parfait dismissed his lawsuit against Crosby, Crosby lacked any means to conduct discovery or gather evidence from Parfait regarding his past medical history and his allegations concerning injuries he allegedly sustained while employed by Crosby, leading Crosby to file a Complaint for Declaratory Judgment in this District.  See Doc. 1 in *Crosby Dredging, LLC v. Ernest J. Parfait*, No. 2:21-cv-01664-JTM-JVM (the "Dec Action").

18.

Parfait subsequently sought to dismiss the Dec Action, and the Court granted Parfait's Motion on December 12, 2021.  (See Docs. 10 and 15 in the Dec Action.)

19.

Roughly six months after the dismissal of the Dec Action, on May 31, 2022, Parfait voluntarily filed the Parfait Action in this District, seeking damages under the Jones Act and asserting his entitlement to maintenance, cure, punitive damages, and attorneys' fees.  (See Doc. 1 in the Parfait Action.)

20.

Crosby responded to the Complaint in the Parfait Action by filing a Rule 12 Motion to Dismiss.  Among the claims Crosby sought to dismiss were Parfait's claims for maintenance, cure, punitive damages, and attorneys' fees, on the basis that Parfait actively had sought to prevent Crosby from vetting his claims for maintenance and cure.  (See Doc. 8 in the Parfait Action.)

21.

Parfait opposed the Motion to Dismiss.  (See Doc. 9 in the Parfait Action.)  With respect to the claims for maintenance, cure, punitive damages, and attorneys' fees, Parfait averred that he "ha[d] filed a First Amended Complaint. The amended pleading does not have a claim for maintenance and cure, punitive damages, or attorney's fees. Defendant's Motion to Dismiss Count III, and the related Rule 12(f) Motion to Strike the claim for punitive damages and attorney's fees is now moot." (See Doc. 9 at Article II; Parfait's First Amended Complaint, which indeed removed the claims for maintenance, cure, punitive damages, and attorneys' fees, is Doc. 10 in the Parfait Action.)

22.

By removing his claims for maintenance and cure in his First Amended Complaint, Plaintiff has superseded the Original Complaint and has effectively voluntarily dismissed by amendment any and all claims for maintenance and cure under Federal Rule of Civil Procedure 41(a)(1)(B).  As Plaintiff has previously dismissed his Texas state court action based on and including the same claim for maintenance and cure, this dismissal should act as an adjudication on the merits.

23.

Parfait has filed no further amendments to the pleadings in the Parfait Action since the filing of his First Amended Complaint on June 28, 2022 and has made no formal attempt to reinstate his claims for maintenance, cure, punitive damages, and attorneys' fees in the Parfait Action.

24.

On July 31, 2023, Parfait sought a continuance of the trial date in the Parfait Action on the basis that he was to undergo back surgery that he claimed was related to his alleged accident of February 7, 2021.  (See Doc. 36 in the Parfait Action.)  The Court granted that Motion and reset the Parfait Action for trial on December 4, 2023.  (See Doc. 38 in the Parfait Action.)

25.

On October 6, 2023, Parfait's counsel demanded that Crosby immediately begin paying maintenance and cure to Parfait, in the initial total of $76,728.02.  Parfait demanded that Crosby acquiesce to this demand by October 16, 2023, failing which Parfait would seek to hold Crosby liable for maintenance, cure, attorneys' fees, and punitive damages.  A true and correct copy of the demand received from Parfait's counsel is attached hereto as Exhibit "C".

26.

Parfait's October 6, 2023 demand confirms that the surgery that necessitated the continuance in the Parfait Action was performed at the T9-11 levels of the thoracic spine, the same levels that had shown evidence of prior injury and/or degeneration in the CT scan conducted on Parfait prior to his employment with Crosby, *i.e.* the surgery was to correct the same condition he concealed on his preemployment questionnaire. (See Exhibit "C", at p. 3.)

27.

Parfait's October 6, 2023 demand creates an actual controversy between Parfait and Crosby with respect to Parfait's alleged entitlement to maintenance, cure, attorneys' fees, and punitive damages.

28.

Considering Parfait's concealment of his prior back pain and injuries, Crosby avers that it has a valid and good faith defense to Parfait's claims for maintenance, cure, attorneys' fees, and punitive damages based on *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968) and its progeny. However, due to Parfait's withdrawal of those claims in the Parfait Action, there are no claims for Crosby to seek to have dismissed, necessitating the filing of this Complaint for Declaratory Judgment to bring this issue before the Court and obtain an adjudication of Crosby's *McCorpen* defense.

**First Cause of Action – Declaratory Judgment**

29.

Crosby reavers and reasserts all preceding paragraphs as if set forth herein *in extenso*.

30.

Crosby seeks a declaration that it owes no maintenance and/or cure to Parfait in connection with Parfait's injuries as alleged in the Parfait Action, including but not limited to the amounts set

forth in Exhibit "C" and further including any cost or expense whatsoever related to Parfait's recent thoracic surgery at Ochsner.

31.

Crosby further specifically denies that any maintenance and/or cure is owed to Parfait based on his willful concealment of prior injuries and/or complaints, pursuant to *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968) and its progeny, and Crosby seeks a declaratory judgment to that effect.

32.

Plaintiff further would show, on best information and belief, that Defendant intentionally misrepresented or concealed medical facts pertaining to his past medical history, injuries, and medications. Those non-disclosed facts were material to Plaintiff's decision to hire Defendant, and the non-disclosed facts pertain directly to medical conditions for which Defendant has sought to hold Plaintiff liable or is expected to seek to hold Plaintiff liable.

33.

Crosby further seeks a declaratory judgment that it has properly and appropriately exercised its right to conduct a reasonable investigation into Parfait's entitlement *vel non* to maintenance and/or cure, that Crosby has not willfully, arbitrarily, or in bad faith denied maintenance and/or cure to Parfait, and that Parfait is entitled to no attorneys' fees and further is entitled to neither compensatory nor punitive damages in connection with Crosby's exercise of its right to investigate Parfait's maintenance and cure claims and dispute and/or deny them.

34.

Plaintiff denies that Defendant is entitled to maintenance and/or cure and/or attorneys' fees and/or punitive damages in any amount, and seeks a declaratory judgment to that effect, based on

Parfait's voluntary abandonment and dismissal of such claims in the Parfait Action.

35.

Plaintiff denies that Defendant is entitled to maintenance for any duration in any amount, and seeks a declaratory judgment to that effect. In the alternative, and only to the extent that the Court determines that Defendant is entitled to maintenance, Plaintiff seeks a declaratory judgment that the Defendant is not entitled to maintenance at the demanded rate of $55.00 per day, but rather that maintenance at no greater than the rate of $40.00 per day would be owed, and only from the date of demand of October 6, 2023.

36.

Crosby affirmatively avers that the institution of this action in this District, and the consolidation of the instant action with the currently-pending Parfait Action, would be in the interest of judicial economy inasmuch as one court would be allowed to hear all matters arising out of one set of facts – both the alleged Jones Act liability of Crosby and Parfait's alleged entitlement to maintenance and cure, all of which arise out of Parfait's allegations of injury in the course of his employment with Crosby on or about February 7, 2021 as set forth in the Parfait Action.

37.

Further, and/or in the alternative, the Court should determine pursuant to Federal Rule of Civil Procedure 41(a)(1)(B) that Plaintiff's voluntary withdrawal of his maintenance and cure claims (to avoid Crosby's Motion to Dismiss those claims with prejudice) when he filed his First Amended Complaint should preclude him from again asserting those claims for a third time. As Plaintiff has previously dismissed his Texas state court action based on and including the same claim for maintenance and cure, this dismissal should act as an adjudication on the merits. (See

Exhibits "D" and "E", Original Petition and Notice of Non-suit.)

## Conclusion and Prayer for Relief

WHEREFORE, premises considered, Plaintiff Crosby Dredging, LLC prays for the entry of a declaratory judgment in its favor and against Defendant Ernest J. Parfait declaring that:

A. Plaintiff owes no maintenance and/or cure to Defendant;

B. To the extent Defendant might arguably otherwise be entitled to maintenance and/or cure, no maintenance and/or cure is owed to Defendant pursuant to *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968) and its progeny;

C. Defendant intentionally misrepresented or concealed medical facts pertaining to his past medical history, injuries, and medications, those non-disclosed facts were material to Plaintiff's decision to hire Defendant, and the non-disclosed facts pertain directly to medical conditions for which Defendant has sought to hold Plaintiff liable or is expected to seek to hold Plaintiff liable;

D. Plaintiff has properly and appropriately exercised its right to conduct a reasonable investigation into Defendant's entitlement *vel non* to maintenance and/or cure, Plaintiff has not willfully, arbitrarily, or in bad faith denied maintenance and/or cure to Defendant, and Defendant is entitled to neither compensatory nor punitive damages in connection with Plaintiff's exercise of its right to investigate Defendant's maintenance and cure claims and to dispute and deny such claims based on *McCorpen* and its progeny;

E. Plaintiff has voluntarily dismissed his claims for maintenance and cure by amendment and has previously dismissed a Texas state court action based on and including the same claim for maintenance and cure, thus the dismissal should operate as an adjudication on the merits under Federal Rule of Civil Procedure 41(a)(1)(B).

F.  Only to the extent that the Court determines that Defendant is entitled to maintenance, Defendant is not entitled to maintenance at the demanded rate of $55.00 per day, but rather to maintenance at no greater than the rate of $40.00 per day, and only from the date of demand of October 6, 2023;

G.  That this matter be transferred to Section "H" of this Court for eventual consolidation with the Parfait Action; and

H.  All other such relief to which Plaintiff may be entitled.

Respectfully submitted:

**Phelps Dunbar LLP**

s/Joseph E. Lee III
Miles P. Clements, T.A. (4184)
Joseph E. Lee III (26968)
Zachary J. Ardoin (37575)
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130
Telephone:   (504) 566-1311
Facsimile:   (504) 568-9130
E-Mail:      miles.clements@phelps.com
             josh.lee@phelps.com
             zachary.ardoin@phelps.com

**Counsel For Plaintiff Crosby Dredging, LLC**